[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves for summary judgment claiming there is no issue of material fact. The plaintiff objects to the motion and claims there are genuine issues of material fact. Both sides have submitted memoranda of law and supporting affidavits.
The plaintiff in her complaint alleges the defendant owned, maintained and controlled certain premises at 30 1/2 Burbank Road, in the town of Ellington.
She alleges that while a guest of a lawful inhabitant she had gone onto a raised platform situated between the branches of a tree. Further, that while descending from the platform by a stairway, she was caused to fall as a result of one or more defects in the stairs, resulting in injury.
The defendant now claims that he was not in possession of the premises; that he, as a landlord not in possession, did not control the premises; that the raised platform (tree house) was built by the tenant; that any defect in the stairs was open and CT Page 14572 obvious and that, therefore as a matter of law he had no duty to the plaintiff.
The plaintiff, in rebuttal, claims that the defendant, by the terms of the lease, reserved the right to inspect the property and to conduct repairs thereon. She further alleges that the tenant was under a month-to-month tenancy since the term of the lease had expired; that the defendant had retained control over the property and had knowledge of the stair's defective condition.
"In considering a motion for summary judgment, the trial court must view the facts in the light most favorable to the non-moving party . . . the test is whether a party would be entitled to a directed verdict on the same facts." SeeConnell v. Cowell, 214 Conn. 242, 246-47 (1990), and cases cited therein.
Upon examination of the affidavits, documents and pleadings, this Court is of the opinion that there are genuine issues of material fact to at least withstand summary judgment.
Whether the defendant retained control of the premises is certainly a material issue. There is some evidence to support the argument that he did, if nothing more than the lease provisions which permit inspection and repair (if the tenant fails to do so). The Court cannot conclude it would not allow this question to the jury on the evidence presently before the court.
Add to that the affidavit of the tenant Willis that the defendant had knowledge of the claimed disrepair of the steps in question (which created a claimed concomitant duty to repair).
While a landlord out of possession who does not retain control is normally not liable to persons injured thereon, I cannot, as a matter of law, find the defendant did not retain control.
The Motion for Summary Judgment is denied.
Klaczak, J.